UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALL STATE FASTENER
CORPORATION,

    Plaintiff,

v.

NIKOLA CORPORATION,

    Defendant.

Case No. 23-cv-_____
Hon.

## COMPLAINT

Plaintiff All State Fastener Corporation ("All State") complains as follows:

## THE PARTIES

1. All State is a Michigan corporation, with its principal place of business at 15460 East Twelve Mile Road in Roseville, Michigan. For purposes of diversity of citizenship, All State is a citizen of Michigan.

2. Defendant Nikola Corporation ("Nikola") is a Delaware corporation, with its principal place of business at 4141 East Broadway Road, Phoenix, Arizona. For purposes of diversity of citizenship, Nikola is a citizen of Delaware and Arizona.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 as there is in excess of Seventy-Five Thousand Dollars

($75,000.00) in controversy, exclusive of interest, costs and attorney fees, and this dispute is between citizens of different states. Thus, there is complete diversity of citizenship among the parties.

4. This Court has personal jurisdiction over the parties.

5. Venue for this action is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## **GENERAL ALLEGATIONS**

6. All State sources and supplies bolts, nuts, screws, and washers, among other specialty fasteners, to automotive manufacturers. All State's fasteners are highly-specialized and sold across the country to various automotive manufacturers.

7. Nikola is an electric-vehicle company headquartered in Phoenix, Arizona. Nikola specializes in battery-electric and hydrogen-fueled electric vehicles, which is novel technology.

8. As a startup technology company, Nikola experienced financial difficulties and also had difficulty finding suppliers willing to sell to Nikola on credit terms.

9. In April 2022, Nikola reached out to All State with high-importance, emergency needs for fasteners, as the fasteners it had on-hand were failing during installation. Nikola needed fasteners to be shipped as soon as possible. **Ex. A**.

10. All State was able to work with Nikola and its "emergency" need for parts. In a matter of days, All State was able to quote, approve purchase orders, and reduce the shipping time for the requested parts by two weeks. An order that normally would have taken at least a month to fill was in Nikola's hands within a little over two weeks from the initial requests. Nikola expressed its gratitude for the expedited service. **Ex. B**.

11. Nikola also submitted updated purchase orders for additional parts that Nikola needed urgently.

12. Nikola acknowledged that no additional "terms and conditions" accompanied the purchase orders and the parties would have to determine at a later date if they could agree to any such additional terms and conditions. *Id*.

13. Although the parties had contemplated finalizing terms and conditions to govern the execution of purchase orders through their relationship, the parties never agreed to final terms. None of the purchase orders submitted by Nikola at any time expressly incorporate any party's terms and conditions.

14. All State continued to help Nikola through its emergency purchase orders, going above and beyond when possible to fulfill the orders quickly and on an expedited basis. Nikola told All State that its employees were "amazing" for being able to fulfill Nikola's needs so quickly. **Ex. C**.

15. Even though Nikola was ordering and receiving these parts on an expedited basis, Nikola always had issues with payment. Nikola habitually paid invoices for purchase orders late, and required consistent reminders from All State that Nikola was behind on payments.

## NIKOLA'S BREACHES

16. Despite All State's history of going above and beyond for Nikola, Nikola decided to purchase its fasteners from other suppliers.

17. Nikola informed All State that it was unilaterally canceling active purchase orders with All State that All State was already in the course of supplying to Nikola. *See* **Ex. D** (Examples of Canceled Purchase Orders).

18. None of the purchase orders that Nikola submitted to All State provided for canceling orders once purchase orders were accepted.

19. After All State received notice of Nikola's cancelations, All State was able to fully cancel only some of the ordered parts. However, All State had already completed some of the purchase orders.

20. All State mitigated its losses to the extent it was able. However, Nikola is obligated to pay for all parts it ordered and to compensate All State for the lost sales on those parts All State was able to cancel or otherwise repurpose.

## COUNT I:
## BREACH OF CONTRACT

21. All State incorporates by reference all preceding paragraphs.

22. All State and Nikola were parties to a number of contracts for the purchase and sale of fastener parts, all of which constitute the complete and full agreements between the parties.

23. Under the contracts, Nikola was required to pay in full and accept delivery of the ordered parts.

24. All State fully and faithfully performed its obligations under the parties' agreements.

25. None of the purchase orders allowed for termination of the agreement after All State accepted the purchase orders.

26. As a direct result of Nikola's breach, All State has suffered losses in excess of $1,400,000.

27. WHEREFORE, All State respectfully requests that the Court enter judgment in its favor and against Nikola, as follows:

    a. Awarding money damages to All State in the amounts to which it is entitled;

    b. Requiring Nikola to also compensate All State for all compensatory damages including lost profits, incidental damages, and consequential damages, including interest (pre-complaint and pre-judgment), attorneys' fees, costs, and other damages; and

    c. Issuing all such other relief in favor of All State that is just and proper under the circumstances.

                                      Respectfully submitted,

                                      BODMAN PLC

                                      /s/ *Jeffrey G. Raphelson*
                                      Jeffrey G. Raphelson (P38036)
                                      Samantha K. W. Van Sumeren (P82954)
                                      6th Floor at Ford Field
                                      1901 St. Antoine Street
                                      Detroit, MI 48226
                                      (313) 259-7777
                                      jraphelson@bodmanlaw.com
                                      svansumeren@bodmanlaw.com
February 28, 2023                *Attorneys for Plaintiffs*